DANAHY, Acting Chief Judge.
The appellant was charged in one case with two counts of lewd act on a child. He was convicted by a jury as charged on both counts. In a separate ease, the appellant pleaded no contest to one charge of lewd and lascivious act upon a child under the age of 16. In the two cases, the trial court imposed concurrent sentences of imprisonment followed by probation.
On this appeal the appellant raises three issues regarding his trial. We find no merit in any of those issues.
The appellant’s fourth and final issue has merit in part. The appellant asserts that the trial court erred in requiring the appellant to pay $300 in court costs as a condition of his probation and also erred in imposing a public defender’s fee in the amount of $300, also as a condition of probation. We agree to the extent of $275 of the court costs. The judgment and sentence in one of the appellant’s cases properly imposes $25 with statutory citations. The remaining $275 in court costs must be stricken because there is no statutory citation for this assessment contained in the sentence. See Smith v. State, 686 So.2d 8 (Fla. 2d DCA 1996). However, the costs may be reimposed with reference to the appropriate statutory authority. Allen v. State, 692 So.2d 970 (Fla. 2d DCA 1997).
We also reverse the requirement that the appellant pay $300 in attorney’s fees. On remand, the appellant shall be given thirty days from the date of the mandate to file a written objection to the amount of attorney’s fees imposed. If the appellant objects, the fees shall be stricken but may be reimposed based on the trial court’s findings following a fee hearing. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
*536 Except as specified herein, the appellant’s judgments and sentences are affirmed.
CAMPBELL and LAZZARA, JJ., concur.